UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3045 CAS (VBKx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | JAMES COSTELLO, et al. v. FEDEX KINKO'S OFFICE AND PRINT SERVICES, INC., et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Todd Austin |

**Proceedings:**  **DEFENDANT'S MOTION TO DISMISS** (filed September 11, 2008)

## I.   INTRODUCTION

On February 26, 2008, plaintiffs James Costello and Coreen Costello filed their original complaint in this action against defendant FedEx Kinko's Office and Print Services, Inc. ("FedEx Kinko's") and twenty unnamed Does in the Los Angeles County Superior Court.  Plaintiffs brought three claims under California law: for negligence by James Costello against FedEx Kinko's; for negligent supervision, training, hiring, and entrustment by James Costello against all defendants; and for loss of consortium by Coreen Costello against all defendants.   FedEx Kinko's removed the case to this Court on May 7, 2008.

On May 27, 2008, FedEx Kinko's moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that plaintiffs had failed to allege causation sufficient to establish negligence as a matter of law.  By order dated July 7, 2008, the Court granted FedEx Kinko's motion without prejudice, and granted plaintiffs leave to amend.

Plaintiffs filed the First Amended Complaint ("FAC"), on August 21, 2008.  On September 11, 2008, FedEx Kinko's again moved to dismiss under Rule 12(b)(6), arguing the amendments failed to remedy the flaws in the original complaint.  Plaintiffs filed an opposition on October 16, 2008.  FedEx Kinko's did not file a reply.

A hearing was held on October 27, 2008.  After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3045 CAS (VBKx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | JAMES COSTELLO, et al. v. FEDEX KINKO'S OFFICE AND PRINT SERVICES, INC., et al. | | |

## II.   FACTUAL BACKGROUND

On or about August 2, 2007, plaintiff James Costello alleges he went to a FedEx Kinko's location in Studio City to send a "Certificate of Completion" for traffic school to the Victorville Traffic Court via overnight mail. FAC ¶ 5. After filling out an address label with the Victorville Traffic Court's address and placing the certificate in a FedEx Kinko's envelope, James Costello proceeded to the counter and approached a FedEx Kinko's employee ("the employee"). FAC ¶ 6. James Costello asked for assistance and handed him the label and the envelope. Id. At that point, the employee allegedly stated "don't worry, I will take care of it." Id. James Costello then paid the overnight shipping fee and left the store. Id.

Plaintiff alleges that the employee never affixed the label to the envelope containing his certificate, but instead proceeded to negligently affix the label to a different package, which the employee knew contained illegal narcotics. FAC ¶ 7. This package was then delivered to the Victorville Traffic Court. Id.

As a result of receiving the package with plaintiffs' return address, on August 3, 2007, the San Bernardino County Sheriff's Department (the "Sheriff's Department") obtained a search warrant to search plaintiffs' residence on suspicions of drug trafficking. FAC ¶ 8. The Sheriff's Department interrogated James Costello and his family, and, though they found no illegal narcotics in the family's home, continued to consider him a "suspect therafter." FAC ¶ 8.

James Costello alleges the incident was a direct result of the negligent, careless and unlawful conduct of FedEx Kinko's and his employees. Id. He also alleges that FedEx Kinko's "negligently, carelessly, wantonly, recklessly and unlawfully failed to properly supervise, hire, entrust and select employees and agents so as to prevent [them] from performing illegal and unlawful acts and causing emotional harm." FAC ¶ 18.

James Costello claims that, as a direct and proximate result of defendants' conduct, he was forced to retain the services of a lawyer for advice as to the criminal investigation and suffered a variety of physical, mental, and emotional injuries. FAC ¶¶ 9-10. He claims injury to his "health, strength and activity," "shock to his nervous system," and "great physical, mental and nervous pain, suffering and distress." FAC ¶ 10. James

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3045 CAS (VBKx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | JAMES COSTELLO, et al. v. FEDEX KINKO'S OFFICE AND PRINT SERVICES, INC., et al. | | |

Costello alleges that these injuries will result in some permanent disability, and that they continue to keep him from returning to his usual profession. FAC ¶¶ 10, 12.

Plaintiff Coreen Costello alleges her husband's emotional injuries have caused her to be denied "the conjugal society, comfort, affection, companionship, and love of her husband," as well as a loss of "her husband's services." FAC ¶¶ 26-27.

Plaintiff James Costello seeks monetary damages to compensate for his injuries, medical expenses, and lost wages plus pretrial interest. FAC ¶¶ 11-13. Plaintiff Coreen Costello seeks monetary damages plus pretrial interest. FAC ¶¶ 28-29.

### III. LEGAL STANDARD

#### A. Rule 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3045 CAS (VBKx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | JAMES COSTELLO, et al. v. FEDEX KINKO'S OFFICE AND PRINT SERVICES, INC., et al. | | |

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III. DISCUSSION

#### A. The Negligence Claim

To state a negligence claim, a plaintiff must show "that the defendant owed the plaintiff a legal duty, that the defendant breached that duty, and that the breach was a proximate or legal cause of injuries suffered by the plaintiff." Salinas v. Martin, 166 Cal. App. 4th 404, 411 (Cal. Ct. App. 2008). The proximate cause requirement "limits the defendant's liability to those foreseeable consequences that the defendant's negligence was a substantial factor in producing." Mendoza v. City of Los Angeles, 66 Cal. App. 4th 1333, 1342 (Cal. Ct. App. 1998). It is the foreseeability of the consequences of its employee's negligence that FedEx Kinko's disputes on the instant motion.

"Whether an act is the proximate cause of an injury is generally a question of fact;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3045 CAS (VBKx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | JAMES COSTELLO, et al. v. FEDEX KINKO'S OFFICE AND PRINT SERVICES, INC., et al. | | |

it is a question of law where the facts are uncontroverted and only one deduction or inference may reasonably be drawn from those facts." Ileto v. Glock, 349 F.3d 1191, 1206 (9th Cir. 2003), quoting Garman v. Magic Chef, Inc., 117 Cal. App. 3d 634, 638 (Cal. Ct. App. 1981). FedEx Kinko's makes three related arguments that, it claims, preclude liability as a matter of law, and are thus appropriate to be addressed on a motion to dismiss. First, it argues that the search of plaintiffs' home was such an unforeseeable result of the alleged negligence that it precludes any reasonable inference of foreseeability. Mot. at 7. Second, it argues that the conduct of "the unidentified party attempting to ship drugs is an intervening and superseding force that breaks that chain of causation relative" to it, and, as a matter of law, precludes a finding of proximate cause. Mot. at 13. Finally, it argues that the criminal investigation itself was an intervening and superseding force. Mot. at 15.

None of these arguments is sufficient to establish plaintiffs have failed to state a claim for negligence. In amending their complaint, plaintiffs have added allegations that the employee knew that the package he affixed James Costello's label to contained illegal narcotics. FAC ¶¶ 7-8. FedEx Kinko's claims that this has no relevance. Mot. at 7. However, the Court cannot conclude that, as a matter of law, if the employee knew the package contained drugs, it was unforeseeable that mislabelling it would lead to a law enforcement investigation of the sender or recipient of the package. This is a factual question, and thus not suitable for decision on a 12(b)(6) motion. See Ericson v. Fed. Exp. Corp., 162 Cal. App. 4th 1291, 1300 n.4 (Cal. Ct. App. 2008), quoting Lopez v. McDonald's Corp., 193 Cal. App. 3d 495, 507 n.6 (Cal. Ct. App. 1987) ("[F]oreseeability is a question of fact, which must be decided by a trier of fact, in any case about which reasonable minds can differ within the more focused, fact-specific settings of breach of duty and causation." (alteration in original)).

The allegation that FedEx Kinko's employee knew of the contents of the package also precludes a finding that the attempted shipment of drugs was an intervening or superseding cause. Under California law, where an intervening act by a third party is foreseeable, it is not an intervening or superseding cause relieving the defendant of liability. Ileto, 349 F.3d at 1208; see also Vasquez v. Residential Investments, Inc., 118 Cal. App. 4th 269, 289 (Cal. Ct. App. 2004). If there is knowledge of the intervening act, it cannot be described as unforeseeable. If the employee knew that the package contained drugs when he acted negligently, the presence of drugs was not unforeseeable, and thus not an intervening or superseding cause.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3045 CAS (VBKx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | JAMES COSTELLO, et al. v. FEDEX KINKO'S OFFICE AND PRINT SERVICES, INC., et al. | | |

There are two problems with FedEx Kinko's assertion that the criminal investigation was a superseding or intervening cause. Inasmuch as the criminal investigation is itself the alleged injury, it cannot be considered a superseding or intervening cause. The FAC alleges that the investigation itself, in addition to the ensuing harms it created, was an injury that resulted from defendants' negligence. FAC ¶ 8. Even if the investigation was a cause of other injuries, though, as discussed above, the Court cannot conclude the investigation was unforeseeable as a matter of law. Therefore, it cannot be established as a intervening or superseding cause eliminating liability at this time.

Accordingly, the Court finds plaintiffs have stated a claim for negligence, and the motion to dismiss that claim is DENIED.[1]

### B. The Negligent Supervision Claim

To state a claim for negligent supervision or entrustment, a plaintiff must allege all of the general elements of negligence, including establishing that the employer's breach of the duty to use due care "was the proximate or legal cause of the resulting injury." See Truong v. Nguyen, 156 Cal. App. 4th 865, 875 (Cal. Ct. App. 2007). In its briefs, FedEx Kinko's does not address the negligent supervision claim separately, but states it should also be dismissed due to plaintiff's failure to allege causation. Mot. at 19.

Plaintiffs have made no allegations that FedEx Kinko's knew or had reason to know of the presence of drugs in the store, nor have they alleged any specifics as to the Company's negligent acts or failure to act. They simply state that:

> Plaintiff is informed, believes and thereon alleges, that Defendant Fedex/Kinkos . . . so negligently, carelessly, wantonly, recklessly and unlawfully failed to properly supervise, hire entrust and select employees

---

[1] While the actions alleged on this claim are those of the individual employee, plaintiffs have stated a claim against FedEx Kinko's under a theory of respondeat superior. See Farmers Ins. Group v. County of Santa Clara, 11 Cal. 4th 992, 1003 (Cal. 1995).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3045 CAS (VBKx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | JAMES COSTELLO, et al. v. FEDEX KINKO'S OFFICE AND PRINT SERVICES, INC., et al. | | |

and agents so as to prevent Defendants, Does 1 to 20, inclusive from performing illegal and unlawful acts and causing customers emotional harm. Defendant, FedEx/Kinkos failed to supervise and monitor their establishment and failed to properly train and instruct its employees and agents from conducting and [sic] illegal unlawful acts and avoid causing its customers emotional harm intentionally or negligently.

FAC ¶ 18.

Even under the liberal pleading standard of Federal Rule of Civil Procedure 8, this allegation is insufficient to state a claim for negligent supervision or entrustment. First, plaintiffs have failed to allege any specific actions or failures to act on the part of FedEx/Kinko's. Their general allegations of a breach of duty are no more than a simple "formulaic recitation of the elements of a cause of action," which Twombly expressly stated was insufficient. 127 S. Ct. at 1965; Mendiondo v. Centinela Hosp. Med. Ctr, 521 F.3d 1097, 1104 (2008). Second, even if a breach is established, plaintiffs have failed to allege any facts that, if true, would support a finding that the Sheriff's criminal investigation was a foreseeable injury resulting from a failure to supervise. While plaintiffs have alleged that the employee knew the package contained drugs, they have alleged no facts to support a finding that this was a foreseeable consequence of FedEx Kinko's negligent supervision or entrustment.

Since plaintiffs have failed to state a claim for negligent supervision, FedEx Kinko's motion to dismiss that claim is GRANTED with 20 days leave to amend.

### C.   Loss of Consortium Claim

Since Coreen Costello's loss of consortium claim is derivative of her husband's negligence claim, which the Court declines to dismiss, FedEx Kinko's motion to dismiss this claim is DENIED. See Leipart v. Guardian Indus., Inc., 234 F.3d 1063, 1071 (9th Cir. 2000).

### IV.   CONCLUSION

For the reasons given above, the Court DENIES defendant FedEx Kinko's motion to dismiss as to plaintiffs' negligence and loss of consortium claims, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3045 CAS (VBKx) | Date | October 27, 2008 |
|---|---|---|---|
| Title | JAMES COSTELLO, et al. v. FEDEX KINKO'S OFFICE AND PRINT SERVICES, INC., et al. | | |

GRANTS its motion to dismiss as to plaintiff's negligent supervision and entrustment claim with 20 days leave to amend.

    IT IS SO ORDERED.

|  | 00 | : | 03 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |